RON BENDER (SBN 143364)
MICHELLE S. GRIMBERG (SBN 217327)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; msg@lnbyb.com; lls@lnbyb.com

Special Counsel to David K. Gottlieb, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Lead Case No.: 1:12-bk-17469-VK |
| GAMMA MEDICA-IDEAS (USA), INC. ET AL., | Jointly administered with Case Nos.: 1:12-bk-1747-VK; 1:12-bk-17475- VK; 1:12-bk-17479-VK; and 1:12-bk-17483-VK |
| Debtor and Debtor in Possession. | Chapter 11 Cases |
| DAVID K. GOTTLIEB, CHAPTER 11 TRUSTEE, | Adv. No. _____ |
| Plaintiff, | **COMPLAINT TO:** |
| v. | **(1) AVOID AND RECOVER PREFERENTIAL TRANSFERS, AND TO PRESERVE AVOIDED AND RECOVERED TRANSFERS FOR THE BENEFIT OF DEBTOR'S ESTATE [11 U.S.C. §§ 547(b) AND 550(a)]; AND** |
| TSS TECHNOLOGIES, INC., | |
| Defendant. | **(2) DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)]** |

1

1    Plaintiff David K. Gottlieb, the Chapter 11 Trustee ("Trustee" or "Plaintiff") of the jointly-administered Chapter 11 bankruptcy estates of Advanced Molecular Imaging LLC, Industrial Digital Imaging, Inc., Advanced Molecular Imaging, Inc., Gamma Medica-Ideas, Inc. and Gamma Medica-Ideas (USA), Inc. (collectively, the "Debtors"), avers and complains as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and Sections 502, 547, 550 and 551 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

4. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157(b) (2) (A), (B), (F), and (O).

## PARTIES

5. On August 20, 2012 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. On or about August 22, 2012, the Court entered an order for the joint administration of the Debtors' cases.

7. Thereafter, on March 21, 2013, the Court entered an Order Approving Appointment of Chapter 11 Trustee. As a result, the Trustee was appointed Chapter 11 Trustee for the Debtors' bankruptcy estates, a capacity in which he continues to serve.

8. TSS Technologies, Inc. (the "Defendant") was a creditor of the Debtors, or one of the Debtors, during the period commencing ninety (90) days prior to the Petition Date and concluding on the Petition Date.

///

2

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

9. As set forth in **Exhibit "A"**, which is attached hereto and specifically incorporated herein by reference, during the Preference Period, the Debtors or one of the Debtors, made transfers totaling not less than $32,321.00 to or for the benefit of the Defendant within the ninety (90) days prior to the Petition Date, together with any other transfers that may subsequently be identified (collectively, the "Transfers").

10. Prior to receiving the Transfers, (i) the Defendant provided goods and/or services to the Debtors, or one of the Debtors, or (ii) the Debtors, or one of the Debtors, were otherwise indebted to the Defendant. After such debts were created, the Debtors, or one of the Debtors, made the Transfers on account of those debts. As such, the Transfers were payments on account of antecedent debts owed by the Debtors, or one of the Debtors, to the Defendant.

**FIRST CLAIM FOR RELIEF**

[Avoidance and Recovery of Preferential Transfers Pursuant to

11 U.S.C. §§ 547(b) and 550(a)]

11. The Trustee realleges each and every allegation contained in paragraphs 1 through 10, inclusive, and incorporates them by reference as though fully set forth herein.

12. The Transfers were of property interests of the Debtors, or one of the Debtors.

13. The Transfers were made to or for the benefit of the Defendant at a time in which the Defendant was a creditor of the Debtors, or one of the Debtors.

14. The Transfers were for or on account of antecedent debts owed by the Debtors, or one of the Debtors, before such Transfers were made.

15. The Trustee is informed and believes that the Transfers were made while the Debtors were insolvent.

16. The Transfers enabled the Defendant to receive more than the Defendant would otherwise receive if (a) the Debtors' bankruptcy cases were cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

3

17.   The Transfers constitute avoidable preferential transfers under §547(b).

18.   The Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving such Transfers and, therefore, the Transfers can and should be recovered for the benefit of the estate pursuant to §550(a).

## SECOND CLAIM FOR RELIEF

[Recovery of Transfers Pursuant to 11 U.S.C. §550]

19.   The Trustee realleges each and every allegation contained in paragraphs 1 through 18, inclusive, and incorporates them by reference as though fully set forth herein.

20.   The Trustee is informed and believes and thereupon alleges that the Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving such Transfers.

21.   Upon avoidance of the Transfers, the Trustee is entitled to recover each such Transfer and to preserve it for the benefit of the estate pursuant to 11 U.S.C. §550.

## THIRD CLAIM FOR RELIEF

[For Disallowance of Claim Pursuant to 11 U.S.C. §502(d)]

22.   The Trustee realleges each and every allegation contained in paragraphs 1 through 21, inclusive, and incorporates them by reference as though fully set forth herein.

23.   The Defendant is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550 or 553, or the Defendant received an avoidable transfer under 11 U.S.C. §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

24.   The Defendant has not paid the amount, or turned over any such property for which the Defendant is liable under 11 U.S.C. §§ 522(i), 542, 543, 550, or 553 of the Bankruptcy Code.

25.   Pursuant to 11 U.S.C. § 502(d), the Defendant's claims against the estate, to the extent that the Defendant asserts a claim or claims, should be disallowed.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee prays for a judgment as follows:

<u>On The First Claim For Relief</u>

1. For a judicial determination that the Transfers, and each of them, were preferential transfers within the meaning of 11 U.S.C. §547(b), and shall be avoided, recovered and preserved for the benefit of the estate pursuant to 11 U.S.C. §550.

<u>On The Second Claim For Relief</u>

2. For a judicial determination that the Defendant was the initial transferee of the Transfers, and each of them, or the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving such Transfers and that the Trustee is entitled to recover all such Transfers and to preserve them for the benefit of the estate.

<u>On The Third Claim For Relief</u>

3. For a judicial determination that the Defendant is an entity from which property is recoverable under 11 U.S.C. §550 or that the Defendant received an avoidable transfer under 11 U.S.C. §547 and that the Defendant has not paid the amount, or turned over any such property for which the Defendant is liable under 11 U.S.C. §550 and that the Defendant's claims against the estate shall be disallowed.

<u>On All Claims For Relief</u>

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: August 14, 2014

LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.

By: <u>*/s/ Michelle S. Grimberg*</u>
RON BENDER
MICHELLE S. GRIMBERG
LINDSEY L. SMITH
Special Counsel to David K. Gottlieb,
Chapter 11 Trustee

# EXHIBIT "A"

| Name | Address | City | State | Zip | Date | Amount |
|---|---|---|---|---|---|---|
| TSS Technologies, Inc. | 8800 Global Way, Plant 2 | West Chester | OH | 45069 | 7/13/2012 | $ 2,500.00 |
| TSS Technologies, Inc. | 8800 Global Way, Plant 2 | West Chester | OH | 45069 | 7/20/2012 | $ 29,821.00 |
| **TSS Technologies, Inc. Total** | **8800 Global Way, Plant 2** | **West Chester** | **OH** | **45069** | - | **$ 32,321.00** |